Henderson's Executor *versus* Boyer.

*Right of Executor of deceased Widow to distrain for Arrears of Interest under the Intestate Law.*

The executor or personal representative of a widow may distrain for arrears of interest due on her dower fund at the time of her death, but not for that which may subsequently accrue.

ERROR to the Common Pleas of *Montgomery county*.

This was an action of replevin, brought April 18th 1861, by Michael C. Boyer against Wallace Henderson, executor, &c., of Margaretta Henderson, deceased. The case was this:—

Davis Henderson died intestate on the 11th day of May 1848, leaving a widow, the said Margaretta B. Henderson, and issue eight children, and seised in fee, among other real estate, of a marble quarry and seventeen acres of land, which was valued by an inquest at $12,000, and was taken by one of the heirs at that sum. The Orphans' Court, in decreeing the same to said heir, ordered, in the usual form, $4000 to remain in said premises, the interest of which was to be paid to the said Margaretta B. Henderson during her natural life, on the 1st day of April of each year. These payments were made to her regularly down to April 1st 1860. On the 20th day of January, A. D. 1861, she died, so that the sum of $194 had accrued, and was due and payable at the time of her decease. In order to collect this sum, her executor, on the 6th of April 1861, issued a warrant

[Henderson's Executor *v.* Boyer.]

of distress, in the usual form, against the goods of the said Michael C. Boyer, on said premises, who was at the time, and had been since the 20th of October 1860, the owner in fee simple of the said premises. By virtue of this distress, sufficient goods belonging to Boyer on said premises to pay the said $194, were distrained upon. Boyer then issued a replevin for the goods, and on these facts the case was tried. The court below (CHAPMAN, J.) instructed the jury as follows :—

" The facts in this case having been agreed upon by the respective counsel, the case turns upon the question, whether the defendant had a right to issue a warrant of distress for the widow's interest under the circumstances. This is a question of law, and the court are of opinion with the plaintiff. You are therefore directed to find a verdict in his favour. He claims merely nominal damages, and your verdict will not be for more."

The case was thereupon removed into this court, where the ruling of the court below was assigned for error.

*James Boyd,* for plaintiff in error, cited the Act of 29th March 1832, relative to the share of a widow in the real estate of her deceased husband; and argued that, as the sum claimed was " due and payable" at her death, it might be collected by her executor under the provisions of the 29th section of the Act of February 24th 1834, and the eighth section of the same, citing also Zeigler's Appeal, 11 Casey 173, and Schall's Appeal, 4 Wright 170, to the effect that the widow's interest is realty—an undivided one-third part of the land for life.

*B. Markley Boyer,* for defendant in error, argued that the interest distrained for was not " due and payable" until the 1st of April following the widow's death, and that the only remedy was by an action on the case, under the 30th section of the Act of 1834, the remedy of distress being a remedy personal to her; citing Shouffler *v.* Coover, 1 W. & S. 400.

The opinion of the court was delivered, February 16th 1863, by

STRONG, J.—The widow died in January 1861. The interest upon her thirds of the valuation of her deceased husband's lands became payable on the 1st of April in each year, and was paid up to the 1st of April 1860. At the time of her death, there had accrued $194, interest of the current year, and for this sum the plaintiff in error, who was the executor of her will, distrained after the 1st of April 1862. The distress was made upon the land out of which the interest was payable, and of the goods of the owner of the land. The single question for us is whether such a distress could lawfully be made.

By the Act of 29th March 1832, the widow's annual interest is assimilated to a rent. It is required to be regularly and

[Henderson's Executor *v.* Boyer.]

annually paid by the persons to whom the real estate shall be adjudged, their heirs or assigns, to the widow during her natural life; and it is provided that the same may be recovered by the widow by distress or otherwise, as rents in this commonwealth are recoverable. Her position is like that of a tenant for life of a rent, and the inquiry therefore is whether the executor of a tenant for life can distrain for rent accrued in the life of his testator, but not payable until after his death. At common law undoubtedly he could not. An executor or administrator could not distrain even for rent due and payable to the testator or intestate in his lifetime, but which remained unpaid at. his decease. This, however, was changed in some degree by the Statute of 32 Henry 8, ch. 37, which enacted that it should be lawful for every executor and administrator of any tenant in fee simple, tenant in tail, or tenant for term of lives, of rents, services, rent-charges, rents seck, and fee farms, unto whom such rent or fee farm is or shall be due, and not paid at the time of his death, to distrain for the arrearages of all such rents and fee farms upon the lands, tenements, and other hereditaments which were charged with the payment of such rents or fee farms, and chargeable to the distress of said testator, so long as the said lands, tenements, and hereditaments remain and be in the seisin or possession of the said tenant in demesne, who ought immediately to have paid such rent or fee farm, so being behind, to the said testator in his life, or in the seisin or possession of any other person or persons claiming the said lands, tenements, and hereditaments only by and from the same tenant, by purchase, gift, or descent, in like manner and form as the said testator might or ought to have done in his lifetime, and the said executors and administrators shall, for the same distress, lawfully make avowry upon their matter aforesaid: 2 Ruffhead's British Stat. at Large 297. This statute has always been in force in this state, and until our Act of 24th of February 1834, it was the only authority which the executor or administrator of a deceased landlord had for recovering by distress rents due and payable to the decedent in his lifetime. It is to be observed, however, that the statute worked but a partial change in the common law. It did not apply to the executors of all landlords, nor to all rents. It was at first doubted whether it embraced any other cases than that of those who were without remedy before its enactment: Tremor *v.* Lee, Cro. Car. 471. The doubt arose out of the words of the preamble, but it was soon dissipated, and it was settled that the statute is not confined to those who had no remedy at all previously: Hove *v.* Bell, 1 Ld. Raymond 172; Prescott *v.* Boucher, 3 Barn. & Adol. 849. It did not, however, confer the power of making a distress upon the personal representatives of one who, though a tenant in fee simple, or fee tail, or for life of the land, had demised it only for a term of years, for he is not

[Henderson's Executor *v.* Boyer.]

a tenant in fee, or for life of the rent: Prescott *v.* Boucher, *supra.* Such a case was left to the rule of the common law. The language of the statute also excluded distress for rents which, though accruing, were not payable in the lifetime of the landlord, for the right given to distrain was given expressly against a tenant who ought to have paid the rent being behind "immediately *to the testator in his lifetime.*" It is therefore not applicable to rents which the tenant was under no obligation to pay until after the landlord's decease. The same thing is manifest in the preamble, which, in describing the mischief intended to be remedied, and the rents for the recovery of which a right to distrain was given by the enacting clause, mentions them as those for which neither the heirs of the testator nor the survivors after his decease have any remedy. But for rents partly accrued, and not payable at the landlord's decease, the heir or reversioner always had a remedy at common law. What places the matter beyond all doubt, however, is the Act of 11 Geo. 2, ch. 19, § 15, which is also in force in this state. From that it appears that rents reserved to a tenant for life of the lands demised, who happened to die before or on the day when the rents were made payable, were not recoverable at all by the executors or administrators of the landlord, nor by the reversioner. Payment could not be enforced either by distress or action, and that notwithstanding the existence of the act of 32 Henry 8. To remedy the evil, an action on the case was given to the executors or administrators of such landlords to recover a proportional part of the rent, according to the time the tenant for life lived, but the act gave no right to distrain. Both these acts, as already said, were in force in this state, and they were substantially re-enacted in the Act of 24th February 1834 (P. L. 73) entitled "An Act relating to executors and administrators." The 29th section gives to the executors and administrators of every person who was the proprietor of any rent-charge, or other rent or reservation in the nature of a rent in fee or otherwise, an action of debt, or a right to distrain "for the arrearages of such rent due to the decedent at the time of his decease," "against the person who ought to have paid such rent." This section, though it enlarges the class of persons entitled to its benefits, giving the action and right to distrain to the executors and administrators of deceased landlords who had demised only for a term of years, does not enlarge the rights given by the statute of Henry VIII. The rents recoverable under it, either by action or trespass, are those which were *in arrear,* and due to the landlord at the time of his decease. No others are included. But rents in arrear are those which are past due, not those which are accruing during a current period. That such is the meaning of the act is made more clear if possible by the 30th section, which provides for the apportionment of rents

[Henderson's Executor *v.* Boyer.]

reserved to a tenant for life of demised premises, and gives to the executor or administrator of such deceased tenant a right of action for a proportion of the rent for the last year, or quarter, or other current period of payment, according to the time elapsed at the decease of such tenant for life.    It is a re-enactment of the act of 11 Geo. 2, and it gives no right to distrain.    There is then no statute which authorizes a distress in such a case, and it is not pretended that it could be made at common law.    By our Act of Assembly the widow's interest is recoverable by her as rents.    For what becomes payable in her lifetime she may distrain, and so may her personal representative after her death, for she is substantially a tenant for life of a rent; but no authority is given by statute or the common law to distrain for rent or interest which was not in arrear or past due at her decease.

The judgment is affirmed.